IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NICHOLAS LOWRY                                                                                         PLAINTIFF

V.                                           CASE NO. 3:20-CV-03037

JAIL ADMINISTRATOR
TRACY SUTTERFIELD, and
SHERIFF KENNY CASSEL,
Searcy County, Arkansas                                                                             DEFENDANTS

OPINION AND ORDER

Plaintiff Nicholas Lowry filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Searcy County Detention Center ("SCDC"). He names as Defendants Tracy Sutterfield, the jail administrator, and Sheriff Kenny Cassel.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must determine whether the Complaint should be served on the Defendants.

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff is locked down in a cell without a button or intercom to "call out for help." *Id.* at 4. Plaintiff asserts that he is "scared to be lock[ed] down" without a button or intercom to tell his jailers that he needs help. *Id.* Furthermore, Plaintiff alleges that he has been told by the night-time jailer that he could see Plaintiff on the toilet, presumably through the camera feed in the jail. *Id.*

1

Plaintiff asserts that he is upset by the fact he is being filmed while using the toilet.  *Id.*

As relief, Plaintiff seeks to "get [a] button in [his] cell."  *Id.* at 6.  He also wants jail officials to stop videotaping inmates.  *Id.*

## II.     LEGAL STANDARD

Under the PLRA, the Court must screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based.  *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

Plaintiff claims that the placement of video recording surveillance cameras in such a way as to allow the recording of inmates in the while using the toilet violates his right to privacy under the Fourth Amendment. It is true that prisoners' constitutional rights survive incarceration; however, these rights are subject to the requirements of order and security. *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Prisoners are "accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)(citation and internal quotation marks omitted).

In *Hudson*, the Court discussed a prisoner's right to privacy.[1] The Court stated:

> A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals. A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

*Id.*, 486 U.S. at 527-28 (citations and internal punctuation marks omitted).

It has been held that visual surveillance by guards of both sexes is reasonable and

---

[1] Damages would also be limited in any such recovery because of the physical injury requirement found in 42 U.S.C. § 1997e(e). This provision prohibits a prisoner from receiving compensatory damages for mental or emotional distress in the absence of a physical injury. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004).

necessary to promote inmate security. *Timm v. Gunter*, 917 F.2d 1093, 1101-02 (8th Cir. 1990). The Eighth Circuit stated that "[w]hatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety." *Id.* at 1102. In *Oliver v. Scott*, 276 F.3d 736, 745–46 (5th Cir. 2002), the Fifth Circuit found that "constant surveillance, even cross-sex surveillance, of prisoners is constitutional because it is reasonably related to the penological interest of maintaining security." It noted that comprehensive surveillance increased the overall security of the prison while minimizing inmate-on-inmate violence and sexual assaults. *Id.* at 746. *See also Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995) ("Cells and showers are designed so that guards can see in, to prevent violence and other offenses. Prisoners dress, undress, and bathe under watchful eyes. Guards roaming the corridors are bound to see naked prisoners.").

The fact that the video surveillance system at issue here also records does not create a privacy interest where none exists under the Constitution. Plaintiff has not alleged that the recordings were used in an abusive, unlawful, or unconstitutional manner.

When discussing conditions of confinement in the context of pretrial detainees, the Due Process Clause proscribes punishment of a detainee before an adjudication of guilt has occurred. *Bell v. Wolfish*, 441 U.S. 520, 535-538 (1979). In general, conditions do not constitute punishment as long as they are rationally related to a legitimate penological purpose and cause no more than *de minimis* harm. *Id.*

Here, the condition Plaintiff complains of is a lack of intercom or call button in his

4

cell. The case law that exists on this subject concludes that the mere lack of an intercom or call button in a cell, standing alone, does not rise to the level of a constitutional violation. For example, in *Garner v. City of Philadelphia,* 2013 WL 4401327, at *6 (E.D. Pa. Aug. 16, 2013), an Eighth Amendment conditions of confinement case, the court concluded that "[a]lthough panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a 'minimal civilized measure of life's necessities.'" *See also DuPont v. Skrah*, 2017 WL 1160584, at *3 (D. Or. Jan. 30, 2017), *report and recommendation adopted*, 2017 WL 1159723 (D. Or. Mr. 27, 2017) ("[A]lthough the Eighth Amendment requires inmates to be able to communicate with corrections officers in order to summon medical assistance if necessary, it does not specifically mandate the availability of a functioning intercom in each prisoner's cell."). As discussed above, the cells are continuously monitored by officers through a camera/monitor, and inmates can make noise or gesture to the camera to seek assistance. No constitutional violation exists because Plaintiff's cell does not have an intercom or emergency button. Moreover, Plaintiff has suffered no injury as a result.

## IV. CONCLUSION

For the reasons stated, no plausible claims are stated. This case is **DISMISSED WITHOUT PREJUDICE** on the grounds that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to place a § 1915(g) strike flag on the case.**

**IT IS SO ORDERED** on this 3rd day of June, 2020.


                                        /s/ Timothy L. Brooks
                                        TIMOTHY L. BROOKS
                                        UNITED STATES DISTRICT JUDGE